1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LEOBARDO U. CHAVEZ-BARRIENTOS,

     Petitioner,

 v.

U.S. DEP'T OF HOMELAND SECURITY
IMMIGRATION & CUSTOMS
ENFORCEMENT,

     Respondents.

_____/

CV F   05-0187 AWI DLB HC

ORDER DIRECTING RESPONDENT TO
SUBMIT ANSWER ADDRESSING MERITS
OF PETITION

ORDER SETTING BRIEFING SCHEDULE

   Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. §
2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C.
§ 636(b)(1)(B) and Local Rule 72-302.

   On May 19, 2005, the Court issued an order for Respondent to submit an answer
addressing the merits of the petition within sixty (60) days from the date of service of that order.
Over ninety (90) days have passed and no response was received.

   The Court has reviewed the docket in this case and it appears that the Clerk of Court
inadvertently did not electronically serve the Court's order on Respondent.  As such, Respondent
did not receive notice of the court's order and cannot be faulted for her failure to respond.  The
Court apologizes for any inconvenience or confusion and are advised that a new briefing
schedule will be set by this order.

///

1

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241. In the instant petition, Petitioner challenges the deportation order reinstating his prior removal order pursuant to 8 U.S.C. § 1231(a)(5).  Petitioner contends that he is entitled to full an fair hearing to challenge the prior removal order.  Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent is ordered to file an answer addressing the merits of the petition for writ of habeas corpus.

## ORDER

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[1] the Court HEREBY ORDERS:

1.      Respondent SHALL FILE an ANSWER addressing the merits of the Petition within **SIXTY (60)** days of the date of service of this order. Respondent shall include with the response any and all transcripts or other documents relevant to the resolution of the issues presented in the petition, including a copy of Petitioner's Alien File.  Rule 5 of the Rules Governing Section 2254 Cases. The Court recognizes that Counsel on behalf of the Government and/or the Institution[2] may wish to respond on separate issues raised in the Petition.  However, the Court will accept only one (1) "Answer."  Such Answer SHALL CONTAIN all argument with respect to all of the issues raised in the Petition, whether formulated by Counsel for the Government or the Institution.

2.      Respondent SHALL FILE a Notice of Appearance within **TWENTY (20)** days of the date of service of this Order.  The Notice SHALL indicate the name of the individual(s) who will be representing the Government and/or the Institution.  The

---

[1]The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  See, Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions."  Fed. R. Civ. P 81(a)(2).

[2]Counsel for the "Institution" means private Counsel representing contracted facilities such as Taft Correctional Institution, (Wackenhut Corrections Corporation), or California City Correctional Center (Corrections Corporation of America).

Notice is necessary to ensure that the appropriate counsel for Respondent is being served by the Court.  The submission of the Notice of Appearance will terminate Court service on those listed in paragraph 4.

3.    Petitioner's TRAVERSE, if any, is due on or before **THIRTY (30)** days from the date Respondent's Answer is filed.

4.    The Clerk of the Court SHALL serve a copy of this Order along with a copy of Petitioner's Petition, on the Office of the United States Attorney for the Eastern District of California, an agent for the appropriate Correctional Institution if applicable, and the United States Bureau of Prisons.[3]

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **September 12, 2005**               **/s/ Dennis L. Beck**
3b142a                              UNITED STATES MAGISTRATE JUDGE

---

[3] If, however, the Petition was filed on January 3, 2005, or thereafter, the Clerk of the Court need not serve a copy of the Petition on the Attorney General or his representative. A scanned copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").