UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO U. CHAVEZ-BARRIENTOS,<br><br>        Petitioner,<br><br>       v.<br><br>U.S. DEP'T OF HOMELAND SECURITY IMMIGRATION & CUSTOMS ENFORCEMENT,<br><br>        Respondents.<br>_____/ | CV F  05-0187 AWI DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS THE INSTANT PETITION FOR LACK OF JURISDICTION<br><br>[Doc. 7] |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on February 11, 2005. On January 4, 2006, Respondent filed a motion to dismiss arguing that the instant petition is premature and filed in the wrong forum. Petitioner filed an opposition on January 19, 2006.

DISCUSSION

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005." Division B of the Act is titled "REAL ID Act of 2005." Section 106 of the REAL ID Act amends portions of section 242 of the Immigration and Nationality Act (hereinafter "INA"), 8 U.S.C. § 1251, and clarifies the scope of judicial review of removal orders. Pursuant to section 106 of the REAL ID Act, a petition for review to the court of appeals is the exclusive means of

review of an administrative order of removal, deportation, or exclusion. <u>Id</u>. at § 106(a).  Section 106(c) provides that any habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal, deportation, or exclusion shall be transferred by the district court to the appropriate court of appeals.[1]  When a case pending in the district court contains both challenges to an order of removal, deportation, or exclusion and to a non-removal order issue, the district court shall transfer to the court of appeals "the part of the case that challenges the order of removal, deportation, or exclusion."  <u>Id</u>.

In the instant petition, Petitioner challenges the prior order of removal in that he claims it is invalid on the ground that he is a citizen of the United States and not subject to deportation, and that he is therefore entitled to a hearing prior to the reinstatement of that order.  (Petition, at 3-5; Opposition, at 2, Exhibits A & B.)  As Petitioner is challenging a final order of removal, this Court does not have jurisdiction to review the petition and it must be transferred to the Court of Appeals for the Ninth Circuit.[2]

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant petition for writ of habeas corpus be transferred to the Court of Appeals for the Ninth Circuit as a Petition for Review and Respondent's motion to dismiss be granted on that ground only.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[1] Section 106(c) defines the appropriate transferee court as the "court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note)."  Section 242(b)(2) of the INA defines the proper venue for a petition for review as "the judicial circuit in which the immigration judge completed the [underlying immigration] proceedings."  INA § 242(b)(2), 8 U.S.C. § 1252(b)(2).

[2] As the Court does not have jurisdiction to review the instant petition, the Court makes no ruling on whether the instant petition is premature, as Respondent argues.

1  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections
2  shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after
3  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
4  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
5  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
6  F.2d 1153 (9th Cir. 1991).

8       IT IS SO ORDERED.
9       **Dated:**   **February 26, 2006**            **/s/ Dennis L. Beck**
   3b142a                                         UNITED STATES MAGISTRATE JUDGE